IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ERIC T. WRHEL,

                Plaintiff,

  v.                                          OPINION & ORDER

STATE OF WISCONSIN and                        16-cv-135-jdp
WISCONSIN DEPARTMENT OF REVENUE,

                Defendants.

---

    Eric T. Wrhel, a Madison resident, brings this lawsuit alleging that the Wisconsin Department of Revenue has wrongly seized funds from him under direction of the Internal Revenue Service.

    Wrhel has paid the full filing fee for this action, and therefore the complaint does not have to be screened under the *in forma pauperis* statue, 28 U.S.C. § 1915. But this court has the inherent authority to screen and dismiss the case *sua sponte*. *See Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 307-08 (1989) (*in forma pauperis* statute "authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("district courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status.").

    I must construe Wrhel's pro se pleading generously. *See Haines v. Kerner*, 404 U.S. 519, 521 (1972). But even construing the complaint generously, I conclude that Wrhel is barred from bringing his claims in this court.

    Wrhel alleges that the Wisconsin Department of Revenue "made an illegal seizure in Nov. 2014" based on "orders" from the federal Internal Revenue Service. Dkt. 1, at 2. From

Wrhel's vague allegations in this lawsuit and his complaints in other recent cases filed in this court, *Wrhel v. United States Treasury*, 15-cv-39-jdp; and *Wrhel v. United States*, No. 15-cv-732-jdp, I take him to be saying that the IRS provided the state with information about a tax deficiency of his that was never sent to him at his correct address. Wrhel asks for

> [L]egislative action to ensure that when a levy is issued, the State requires the agency issuing the levy to prove without a doubt that the person being levied has been notified and given at least a chance to verify the claim, investigate the claim, dispute the claim or flat out pay the tax due.

*Id*. at 4.

Wrhel does not appear to be seeking money damages against the state of Wisconsin. If he did, he would be barred by the state's sovereign immunity. *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001); *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) ("It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment.").

But regardless whether he seeks damages in addition to injunctive relief, longstanding principles of comity prevent this court from allowing Wrhel to bring his § 1983 claims here. The United States Supreme Court has held that "taxpayers are barred by the principle of comity from asserting § 1983 actions against the validity of state tax systems" when state law furnishes an adequate legal remedy. *Fair Assessment in Real Estate Assn., Inc. v. McNary*, 454 U.S. 100, 116 (1981). Taxpayers must first exhaust state remedies. Wisconsin Statute § 71.88 sets forth procedures to appeal tax decisions to the Department of Revenue and then to the Tax Appeals Commission. Only after exhaustion may taxpayers seek review of the state

court decision in the United States Supreme Court. *Heyde v. Pittenger*, 633 F.3d 512, 520 (7th Cir. 2011).

ORDER

IT IS ORDERED that:

1. This case is DISMISSED.

2. The clerk of court is directed to enter judgment in favor of defendants and close the case.

Entered October 28, 2016.

                                                BY THE COURT:

                                                /s/

                                                _____
                                                JAMES D. PETERSON
                                                District Judge